Carson HOLCOMB, Appellant,

v.

Robert BRASHEARS, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1954.

Moss Noble, Jackson, E. E. Bach, Campton, for appellant.

J. Douglas Graham, Campton, for appellee.

SIMS, Justice.

This is an appeal from a judgment of the Wolfe Circuit Court dismissing appellant's petition in an action to set aside a deed, on the ground of lack of mental capacity and undue influence, which Mrs. Letha Swango had executed to her nephew, Robert Brashears.

Mrs. Swango, a widow with no children, lived alone on her farm of 75 acres in Wolfe County. When she reached the age of 87 it became necessary for some one to stay with and care for her. Appellant, Carson Holcomb, a great-nephew, moved into the house with her in 1935 and agreed to care for her and operate the farm. In 1936 Mrs. Swango made a will in which she left to Holcomb all her property, consisting of her farm, then worth about $1,000, and several thousand dollars in cash.

In 1942 appellant married and took his wife into Mrs. Swango's home. About a year later a rift developed between appellant and the old lady, which he contends was inspired by appellee, while the latter's version is that it resulted from a "whipping" appellant gave the old lady. Appellant attempted to have himself appointed committee for Mrs. Swango but when the case was appealed to the circuit courts she took the witness stand and successfully resisted the proceeding. Soon thereafter she ousted appellant from her premises through a court proceeding when she again took the witness stand and made an impressive witness despite the fact she was then 96 years of age.

Shortly after this last litigation with appellant and on November 20, 1943, Mrs. Swango conveyed her farm to appellee, her nephew, who agreed to care for her. He moved into the home with the old lady and greatly improved the farm and the record shows it is now worth around $3,000. Mrs. Swango was 96 years of age when she executed this deed. This is quite an advanced age for one to transact business, yet she was this same age when she testified in the litigation she had with appellant, and the juries after seeing her on the witness stand and hearing her testify decided she was capable of managing her affairs.

Joe Stamper served as a juror in one of the suits Mrs. Swango had with appellant

(the record is not clear as to which one) and in the instant case he testified that Mrs. Swango's mind was clear when she took the stand in the suit with Holcomb which was not long before she executed the deed to appellee.

Another thing which must have greatly impressed the chancellor is that after a lawyer prepared the deed she made to Robert Brashears in the home of his brother, Carl Brashears, and read it over to Mrs. Swango, she complained that the instrument was an absolute conveyance, and she wanted a life estate retained in herself. Thereupon the lawyer inserted in pen a sentence reserving a life estate to the old lady and she then signed the deed by making her mark.

Appellant in brief makes much of the fact that Mrs. Swango signed by mark when she was an educated woman and had taught school in her youth. The record shows no reason why Mrs. Swango signed by mark. It may have been that her eyesight was bad or that she was palsied or couldn't hold a pen, as it is shown she was physically quite feeble. Be that as it may, there were two witnesses to her signature, C. B. Oliver and Ernest Rose. Both of them testified to the incident of the old lady having the deed corrected after it was read over to her and before she signed it.

Mr. Oliver was a Justice of the Peace at the time he witnessed her signature and remained in the presence of Mrs. Swango for half an hour. He gave as his opinion that she was mentally capable of executing the deed.

Mr. Rose, a member of the Board of Education of Wolfe County, testified that when she had a life estate reservation inserted in the deed Mrs. Swango remarked that appellee "always had been (good to her) but you couldn't tell what people might do". This witness remained with Mrs. Swango more than an hour the day she executed the deed and gave it as his opinion she was mentally competent, though quite feeble of body.

Several other witnesses testified to seeing Mrs. Swango the day she executed the deed and that her mind was clear. One of them, a brother of appellee, stated she made an impressive witness in the cases she won from appellant, which were tried not long before she executed the deed.

There was no evidence of undue influence, nor was there any medical or expert testimony offered. It might not be inappropriate to here remark that Mrs. Swango lived five years after she executed the deed and died at the remarkable age of 101.

The testimony on behalf of appellant was to the effect that Mrs. Swango at times did not recognize friends and neighbors and would ask them their names over and over; that she was reticent and would have nothing to say "unless you pulled it out of her"; that she would ask the same questions repeatedly; that she took but little interest in what went on in the locality, and was physically weak. All of these witnesses testified that in their opinions Mrs. Swango was not competent to make this deed in 1943 when she was 96 years of age.

This case is not unlike Rose v. Rose, 298 Ky. 404, 182 S.W.2d 977, which involved the capacity of a 90 year old man to execute a deed to his son. In that opinion we pointed out there is always the presumption of sanity and capacity to contract, rather than the converse; also called attention to the unusual circumstance of a judicial adjudication of such a state of mind shortly before the deed was executed. Likewise, in this case Mrs. Swango in litigation with appellant took the witness stand and convinced the jury she was not in need of a committee and was competent to handle her own affairs. As was said in the Rose opinion, this is strong prima facie evidence of Mrs. Swango's mental capacity when she executed the deed. In the instant case we have the additional circumstance, supported by the testimony of disinterested witnesses, that the old lady before she would affix her signature by mark, had the deed corrected by having it recite she retained a life estate

Mrs. Swango, despite her 96 years, retained an appreciation of her property and relation to others which gave her the right to deed her property to whom she pleased. Boardman v. Lorentzen, 155 Wis. 566, 145 N.W. 750, 52 L.R.A.,N.S., 476; Rose v. Rose, 298 Ky. 404, 182 S.W.2d 977. The chancellor so held, and there is ample evidence to support his judgment.

The judgment is affirmed.